FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 24, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN GRIFFIN HEADRICK, #997137<br><br>           Plaintiff,<br><br>v.<br><br>AARON BROWN, SCOTT LUTTON, KERRY DEYOUNG, DANIEL JONES, JOHN DOES(S)<br><br>           Defendants. | NO. 2:25-CV-0372-TOR<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT are Defendants' Motion to Dismiss (ECF No. 3), Plaintiff's Motion to Remand (ECF No. 5), Plaintiff's Motion to Amend (ECF No. 6), and Plaintiff's Motion for an Extension to Reply to Defendants' Motion to Dismiss (ECF No. 13). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendants' Moton to Dismiss (ECF No. 3) is GRANTED, Plaintiff's Motion to Remand (ECF No. 5) is DENIED, and

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 1

Plaintiff's Motion to Amend (ECF No. 6) is DENIED, Plaintiff's Motion for an Extension to Reply to Defendants' Motion to Dismiss (ECF No. 13) is DENIED.

## BACKGROUND

This case arises from claims of Eighth Amendment violations for cruel and unusual punishment, reckless disregard or deliberate indifference, negligence, and assault and battery. ECF No. 1-2 at 10-21. Plaintiff alleges these claims stem from the use of a chlorobenzylidene malononitrile ("CS") grenade in an unauthorized training exercise that exposed Plaintiff to harmful conditions and lasting effects. ECF No. 1-2 at 5-29, 32. Plaintiff claims that Defendants acted purposely when they conducted this training, and the uncontrollable wind blew the gas into the HVAC system that connects to the prisoners' cells. ECF No. 1-2 at 8-10. Plaintiff continues he was not let out of his cell or able to decontaminate until at least four hours later. ECF No. 1-2 at 14. Furthermore, he researched the effects and realized this was likely causing some of his symptoms. ECF No. 1-2 at 15-16. Plaintiff contends Defendants acted with reckless disregard and deliberate indifference toward him by failing to circulate air, failing to allow him to leave his cell, failing to decontaminate his cell, and failing to inform him of the harms of the gas, among other things. ECF No. 1-2.

Additionally, Plaintiff attached a letter from the Washington Department of Corrections that stated there was an AHCC correctional staff training in the early

morning hours. ECF No. 1-2 at 32. The letter continues that it included CS use, which is commonly used in training. *Id.* However, there was a shift in wind from outside the training location that drifted towards the T Unit. *Id.* In response, they shut down unit air handlers to prevent further exposure and changed the filters before turning them back on. ECF No. 1-2 at 32. The letter provides common symptoms of secondary exposure and that a small number of incarcerated individuals reported these or similar symptoms but that there were no serious injuries. *Id.* Those reporting symptoms were being assessed by the medical staff. ECF No. 1-2 at 32. Plaintiff filed a complaint with the Department of Enterprise Services, Office of Risk Management and his tort claim was denied. ECF No. 1-2 at 31.

      In 2024, Plaintiff filed a claim under similar facts and the same claims against the same defendants in *Headrick v. Brown et al*, 2:24-cv-00366-TOR. In this case, the Court dismissed Plaintiff's First Amended Complaint and found that Plaintiff's federal claims did not state a claim. *Id.* In the Court's Order for Dismissal, the Court dismissed Plaintiff's claims without prejudice to allow Plaintiff to file his state law claims appropriately in the state court. *Id.* The Court found any further amendment of Plaintiff's Complaint would be unavailing. *Id.* Subsequently, Plaintiff filed his claims at the Spokane County Superior Court but left the federal claims in his complaint. ECF No. 1-2.

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 3

On September 19, 2025, Defendants removed this case to federal court under federal question jurisdiction because Plaintiff, proceeding *pro se*, alleged violations of the Eighth Amendment of the U.S. Constitution and reckless disregard. ECF No. 1-2 at 13-16, 19-21. On September 26, 2025, Defendants filed a Motion to Dismiss claiming failure to state a claim among other issues. ECF No. 3. On October 8, 2025, Plaintiff filed a Motion to Remand and Motion to Amend his Complaint. ECF Nos. 5; 6. On November 19, 2025, which was three days after the scheduled hearing date on the motion, Plaintiff filed a Motion for Extension of Time to Reply to this motion and subsequently filed his response. ECF Nos. 13; 14.

Plaintiff filed his Motion to Remand stating he did not allege a claim under federal law. ECF No. 5. Plaintiff alleges Defendants misconstrued his cruel and unusual punishment claim as federal when instead it was meant as a state law claim under Washington's Constitution. ECF No. 5. Accordingly, Plaintiff moved to amend his complaint to appropriately reflect this. ECF No. 6.

## DISCUSSION

**A. Motion to Amend & Remand**

Under 28 U.S.C. § 1331, a federal court has original jurisdiction. Original jurisdiction is present in federal court for "all civil actions arising under the Constitution, laws, or treaties of the United States." *Negrete v. City of Oakland*, 46

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 4

F.4th 811, 816 (9th Cir. 2022) (quoting 28 U.S.C. § 1331). This is met if the claims asserted arise under federal law. *Negrete*, 46 F.4th 811 at 816.

Regarding the complaint and claims, "the plaintiff is 'the master of the complaint.'" *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-399 (1987)). A party may amend his pleading once as long as it is either "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. § 15(a)(1). Otherwise, the party will either need the opposing party's permission or leave of the court. FED. R. CIV. P. § 15(a)(2). The Court may grant leave to amend when justice so requires it. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1073 (9th Cir. 2012).

A motion to remand based on a defect, not including subject matter jurisdiction, shall be filed within thirty days after the notice of removal was filed under section 1446(a). 27 U.S.C. § 1447. However, if the Court lacks subject matter jurisdiction, the district court may remand the case, as long as it is before final judgment. *Id.*

*Pro se* pleadings are liberally construed to "afford the petitioner the benefit of any doubt." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (quoting

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 5

*Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010)).  This is especially important for cases arising out of civil rights violations.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), *as amended* (May 22, 1992) (citation omitted).

Plaintiff has not properly served Defendants and therefore, Federal Rule of Civil Procedure Rule 15(a) is not applicable.  Under Plaintiff's jurisdiction section of his complaint, he confirms Spokane County Superior Court has jurisdiction over his claims for state constitutional violations and that he may allege federal claims in a state court.  ECF No. 1-2 at 2-3.

Plaintiff alleges cruel and unusual punishment as one of his claims.  ECF No. 1-2 at 19.  Under that section, Plaintiff states that "[t]he Eighth Amendment's ban on inflicting cruel and unusual punishments, is made applicable to the States by the Fourteenth Amendment and its equivalent under the Washington State Constitution Art. 1, section 14." ECF No. 1-2 at 19.  Plaintiff continues with citations from the U.S. Supreme Court and the Ninth Circuit.  ECF No. 1-2 at 19-20.  Furthermore, under Plaintiff's reckless disregard or deliberate indifference claim, Plaintiff continuously cites to the Ninth Circuit and occasionally to Oregon's District Court.  ECF No 1-2 at 13-16.  Based on the use of federal case law and support for state court jurisdiction over federal claims, it seems Plaintiff alleges federal claims under violations of the U.S. Constitution's Eighth Amendment prohibition of cruel and unusual punishment and reckless disregard or

deliberate indifference. ECF No. 1-2 at 13-21. Naturally, Plaintiff moved to amend his complaint to remove the federal claim of cruel and unusual punishment but does not propose a change to the reckless disregard claim. ECF No. 5.

As was stated, this Court dismissed Plaintiff's federal claims under the same claims and similar facts. *Headrick v. Brown et al*, 2:24-cv-00366-TOR. In the Court's Order for Dismissal, the Court permitted Plaintiff to file his state claims appropriately in the state court. However, Plaintiff filed his complaint with identical claims and similar facts as the one filed in this court. ECF No. 1-2. For these reasons, the Court does not find it is in the interest of justice to grant Plaintiff's Motion to Amend his Complaint. Even more, Plaintiff's Motion to Amend does not suggest changes to his reckless disregard or deliberate indifference claim, therefore, leaving in one of the federal claims. This defeats the purpose of Plaintiff's amendment, to remove his federal claims and remand. ECF No. 3-4. As such, Plaintiff alleges federal claims, therefore, this Court has jurisdiction and Plaintiff's Motion to Remand is denied.

**B. Motion to Dismiss**

*I. Insufficient Service*

"When a case is removed from state court to federal court, the question whether service of process was sufficient prior to removal is governed by state law." *Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1023 (9th Cir. 2017) (citations

omitted). Before removal, this case was filed in the Spokane County Superior Court. ECF No. 1-2. Consequently, the applicable service of process requirements are governed by Washington statutes. RCW 4.28.080 specifies the permissible methods of serving a summons and process in Washington State. RCW 4.28.080.

Additionally, when a case was originally filed in state court, but process was either defective or not perfected by the time of removal to a federal court, process may be issued pursuant to the rules of that district court. 28 U.S.C. § 1448. The time for serving process commences on the date of removal. See *Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1024–25 (9th Cir. 2017).

Federal Rule of Civil Procedure Rule 4 provides the requirements to serve proper service. FED. R. CIV. P. 4. Under Rule 4(e)(1), service is proper for an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). Additionally, service is proper if the appropriate documents are delivered personally, a copy is left with someone of suitable age at each of the individual's residence or dwelling, or by delivering a copy to an authorized agent. FED. R. CIV. P. 4(e)(2).

When there has been insufficient service, "the district court has discretion to dismiss an action or to quash service." *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). Under Rule 4(m), "a defendant is not served

within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4 When service is insufficient, "the district court has discretion to dismiss an action or to quash service." *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).

Defendants state Plaintiff failed to serve Defendants pursuant to Washington Law. ECF No. 3 at 10-12. Therefore, service was improper. *Id.* Defendants state that the Spokane County Superior Court found that Plaintiff demonstrated that personal service could not be accomplished. ECF No. 3 at 11. In the same order, the Spokane County Superior Court allows Plaintiff to serve Defendants through his attorney by certified and first-class mail at Defendants' attorneys' addresses. ECF Nos. 3 at 11-12; 1-11 at 1-2. Defendants argue that this order is in lieu of the other methods such as personal service by the Sherrif. ECF Nos. 3 at 12 ;1-11 at 1-2.

The order from the Spokane County Superior Court explicitly states the certified and first-class mail method is in lieu of other methods such as personal service by the Sherriff. ECF No. 1-11 at 2. Plaintiff failed to comply with the Superior Court's order because there is no proof process was properly served. Therefore, as of now, Plaintiff still has insufficiently served process. However,

because this case was removed on September 19, 2025, Plaintiff still has time to correctly serve process in accordance with the Federal Rules of Civil Procedure.

*II. Failure to State a Claim*

For a plaintiff to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  This requires more than a simple "formulaic recitation of a cause of action's elements." *Twombly*, 550 U.S. at 545.  The plaintiff must "nudge[] their claims across the line from conceivable to plausible" otherwise plaintiff's complaint shall be dismissed. *Twombly*, 550 U.S. at 570.  In other words, the "plausibility standard requires more than 'a sheer possibility that a defendant has acted unlawfully' but 'is not akin to a probability standard.'" *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (quoting *Turner v. City & Cnty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015)).

The Eighth amendment places specific duties on prison officials. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  They must ensure "humane conditions of confinement" and that "inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates[.]" *Farmer*, 511 U.S. 825 at 832 (quoting *Hudson v. Palmer,* 468 U.S.

517, 526–527 (1984)) (citations omitted).  A violation of the Eighth Amendment for cruel and unusual punishment of a convicted person requires the plaintiff to show two elements.  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).  First, the basis of an Eighth Amendment violation requires objective proof that the deprivation was "sufficiently serious."  *Lewis*, 217 F.3d at 731 (citing *Wilson v. Seiter*, 501 U.S. 293, 298 (1991)).  Second, there must be subjective proof to support that the prison official acted with a "sufficiently culpable state of mine."  *Lewis*, 217 F.3d at 731 (citing *Seiter*, 501 U.S. at 298).

As stated, for cases alleging issues with prison conditions, the state of mind required is "'deliberate indifference' to inmate['s] health or safety".  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 302-303 (1991)).  The standard of deliberate indifference is common to both of Plaintiff's federal claims and will be analyzed together.  Negligence is not sufficient.  *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (citing *Frost v. Agnos,* 152 F.3d 1124 1128 (9th Cir. 1998)).  Specifically, the U.S. Supreme Court held,

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. Moreover, an official's conduct must rise to the level of wanton which does not rely "upon its effect on the prisoner, but rather, upon the constraints facing the official." *Clement*, 298 F.3d at 904–05 (quoting *Frost v. Agnos,* 152 F.3d 1124, 1128 (9th Cir. 1998)). This may be proven when officials "intentionally deny[] or delay[] access to medical care." *Clement*, 298 F.3d at 905 (quoting *Estelle v. Gamble,* 429 U.S. 97, 104–05 (1976)).

     Defendants moved to dismiss Plaintiff's case because Plaintiff failed to state a claim upon which relief may be granted for the claims of reckless disregard or deliberate indifference and cruel and unusual punishment. ECF No. 3. Plaintiff incorporates similar facts for the cruel and unusual punishment claim for his reckless disregard and deliberate indifference claim. ECF No. 1-2 at 13-16, 19-21. Plaintiff states under cruel and unusual punishment, a habitable cell is required as a basic human need. ECF No 1-2 at 19-21. Plaintiff claims that his protected human needs were violated because his cell was uninhabitable and contaminated. ECF No. 1-2 at 20-21. Additionally, Plaintiff alleges reckless disregard or deliberate indifference because Defendants were deliberately indifferent to Plaintiff's health, welfare, and safety. ECF No. 1-2 at 13.

     Plaintiff alleges that he was exposed to tear gas when he was sleeping in his locked cell because Defendants Brown and Lutton "conducted unauthorized training." ECF No. 1-2 at 5, 16. He was exposed to this for over four hours

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 12

before he was allowed to leave his cell. ECF No. 1-2 at 16. Plaintiff did not know what he was exposed to until later. *Id.* Additionally, after researching into CS grenades (tear gas from a riot control continuous discharge grenade), he learned the dangers of this grenade and how he was still experiencing effects of the exposure. ECF No. 1-2 at 16. Defendant states that this restriction in oxygen led to Plaintiff to have a higher risk for long-term health effects. ECF No. 1-2 at 21. Plaintiff blames Defendants for conducting unauthorized training and for failing to decontaminate his cell, failing to provide medical care and failing to turn on the air to bring in clean air.

Plaintiff alleges that Defendants were experiencing the "effects of CS by hearing them coughing, gagging, clearing their throats, seeing their red eyes and going in and out of the unit for fresh air" which helps support that the officials were potentially aware, but it does not support the deliberate indifference requirement for the state of mind component. ECF No. 1-2 at 22.

An official's knowledge does not comport to deliberate indifference. Plaintiff claims he was in his cell for four hours, but this does not show intentional denial or delayed access. Based on the facts, the Court does not know if they denied or delayed access purposely or if so, for what reason. Even more Plaintiff states they "should have known" but that is not the standard. ECF No. 1-2 at 21.

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 13

Furthermore, the effect on the prisoner is not enough. *Clement*, 298 F.3d at 904–05.

Plaintiff does not allege facts to support officials intentionally denied or delayed access to care. As was discussed in Plaintiff's previous dismissal for the same claims, Plaintiff does not allege facts that they asked for showers, medical attention, or anything similar and were subsequently denied during obvious medical emergencies. Plaintiff does not allege facts establishing the existence of any medical emergency, including asthma attacks or similar events. Plaintiff does not allege he inquired to Defendants at all about any risk.

Even more, Plaintiff attached a document from the Department of Corrections about the training and that explaining that the air handlers were turned off to limit exposure. ECF No. 1-2 at 32. This letter further explains that any inmates reporting symptoms were being accessed by the medical staff for any secondary exposure. ECF No. 1-2 at 32. Even more, officials cannot be found liable when "officials who actually knew of a substantial risk to inmate health or safety" and "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). Therefore, Plaintiff fails to state claim for cruel and unusual punishment or reckless disregard or deliberate indifference because Plaintiff is missing facts to support essential elements of his claim.

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 14

Plaintiff continuously relies on *Clement v. Gomez*, 298 F.3d 898, (9th Cir. 2002) but this case is different. In this case, pepper spray was sprayed into a cell through a thin rubber house through a food port. *Gomez*, 298 F.3d 898 at 901. The first burst of spray into the cell was 2-5 seconds, whereas he sprayed another application that was an additional 2-5 seconds. *Id.* A spray directly into an inmate's cell that immediately results in coughing and gagging is a vastly different risk and evidence of a culpable state of mind. *Id.* Here, during a training session, the wind potentially blew in CS into the HVAC system where officers and incarcerated individuals were present. This is not the same deliberate act of spraying pepper spray into a cell multiple times.

Furthermore, Plaintiff alleges this was purposeful and knowing actions of hazing because of another incident with the same official and based on his actions. ECF No. 1-2 at 9-10. This claim is based on Defendants use of a CS grenade near the T-Unit in "an uncontrollable outside open air windy environment allowing the CS gas to drift into T-Unit's HVAC system." ECF No. 1-2 at 9. Additionally, the other Defendants did not prevent or stop this action. ECF No. 1-2 at 9. However, neither of these prove that this alleged incident was hazing or amounts to one of the alleged claims. Even Plaintiff admits the outside air is open and uncontrollable. Defendants did not purposely release the CS gas with the intention or hope it would fill the HVAC system. This a stretch and there are no facts to

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 15

Case 2:25-cv-00372-TOR    ECF No. 15    filed 11/24/25    PageID.326    Page 16 of 18

support that conclusion. Plaintiff does not allege facts that Defendants actions during the training was deliberately indifferent. Based on Plaintiff's facts, it suggests this outcome was accidental. Therefore, this argument fails.

Additionally, Plaintiff alleges Defendants should have provided him with information regarding the dangers of this expired tear gas exposure. ECF No. 1-2 at 16. However, Plaintiff does not state any case law for this requirement or why this is relevant. There is nothing to suggest this was legally required of Defendants.

As was discussed in Plaintiff's first case and in this Order, Plaintiff fails to state claim upon which relief may be granted for his federal claims. Additionally, with the federal claims dismissed, the court declines supplemental jurisdiction. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Amendment is not reasonable because Plaintiff already alleged these facts and claims that led to dismissal. Moreover, Plaintiff provided an exhibit showing a level of culpability lower than that required for the claims he asserted. As was found with this Court's previous dismissal and with this Order, dismissal with prejudice is proper for Plaintiff's federal claims because it is clear amendment would be unavailing.

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 16

*Satanic Temple v. Labrador*, 149 F.4th 1047, 1054 (9th Cir. 2025) (citations omitted).

Additionally, under LCivR 7(e), failure to comply with rules under LCivR (b)-(c) may be considered as consent for the Court to enter an order adverse to the violating party. LCivR 7(e). Plaintiff did not respond to this Motion or file an extension until three days past the hearing date for the motion. ECF No. 13. Plaintiff only filed his own motions to amend and remand. ECF No. 5-6. Accordingly, Plaintiff did not comply with the rules, further supporting dismissal.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss (ECF No. 3) is **GRANTED.** Plaintiff's federal claims of cruel and unusual punishment and reckless disregard or deliberate indifference against Defendants are **DISMISSED with prejudice.**

2. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and therefore, are **DISMISSED without prejudice.**

3. Plaintiff's Motion to Remand (ECF No. 5) is **DENIED.**

4. Plaintiff's Motion to Amend (ECF No. 6) is **DENIED.**

5. Plaintiff's Motion for an Extension to Reply to Defendants' Motion to Dismiss (ECF No. 13) is **DENIED.**

1  The District Court Executive is directed to enter this Order, enter judgment, furnish copies to counsel, and **CLOSE** the file.

DATED November 24, 2025.

THOMAS O. RICE
United States District Judge